IPT # _____
JNT $ __N/A__
IONS ISSUED _X-1_
L RULE 4.1 _____
ER FORM _____
ISSUED _____
PTY. CLK. __(illegible)__
__11-2-04__

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARGARET L. GILMORE<br>Plaintiff<br><br>V.<br><br>AMERICAN CRUISE LINES, INC.<br>Defendant | Civil Action<br><br>No. _____<br><br>04  12323  NG |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for her complaint states:

### General Factual Allegations

1.  The Plaintiff, Margaret L. Gilmore, is a resident of Savannah, County of Chatham, State of Georgia.

2.  The Defendant, American Cruise Lines, Inc., is a corporation, duly organized and existing under the laws of the State of Connecticut.

3.  On or about August 5, 2002, the Defendant, American Cruise Lines, Inc., was doing business within the Commonwealth of Massachusetts.

4.  On or about August 5, 2002, the Plaintiff, Margaret L. Gilmore, was employed by the Defendant, American Cruise Lines, Inc.

5.  On or about August 5, 2002, the Plaintiff, Margaret L. Gilmore, was employed by the Defendant, American Cruise Lines, Inc., as a seaman, and a member of the crew of the AMERICAN EAGLE.

6. On or about August 5, 2002, the Defendant, American Cruise Lines, Inc., owned the AMERICAN EAGLE.

7. The Defendant, American Cruise Lines, Inc., chartered the AMERICAN EAGLE from some other person or entity such that on or about August 5, 2002 the Defendant, American Cruise Lines, Inc. was the owner pro hac vice of the AMERICAN EAGLE.

8. On or about August 5, 2002, the Defendant, American Cruise Lines, Inc., operated the AMERICAN EAGLE.

9. On or about August 5, 2002, the Defendant, American Cruise Lines, Inc., or the Defendant's agents, servants, and/or employees, controlled the AMERICAN EAGLE.

10. On or about August 5, 2002, the AMERICAN EAGLE was in navigable waters.

11. On or about August 5, 2002, while in the performance of her duties in the service of the AMERICAN EAGLE, the Plaintiff, Margaret L. Gilmore, sustained personal injuries.

12. Prior to and at the time she sustained the above-mentioned personal injuries, the Plaintiff, Margaret L. Gilmore, was exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

## COUNT I

### Margaret L. Gilmore v. American Cruise Lines, Inc.

### (JONES ACT NEGLIGENCE)

15. The Plaintiff, Margaret L. Gilmore, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, Margaret L. Gilmore, were not caused by any fault on her part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, Margaret L. Gilmore, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Margaret L. Gilmore, demands judgment against the Defendant, American Cruise Lines, Inc., in the amount of Ten Million Dollars ($10,000,000.00) together with interest and costs.

## COUNT II

### Margaret L. Gilmore v. American Cruise Lines, Inc.

### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Plaintiff, Margaret L. Gilmore, reiterates the allegations set forth in paragraphs 1 through 14 above.

20. The personal injuries sustained by the Plaintiff, Margaret L. Gilmore, were due to

no fault of hers, but were caused by the Unseaworthiness of the AMERICAN EAGLE.

21. As a result of said injuries, the Plaintiff, Margaret L. Gilmore has, suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Margaret L. Gilmore, demands judgment against the Defendant, American Cruise Lines, Inc., in the amount of Ten Million Dollars ($10,000,000.00), together with interest and costs.

## COUNT III

### Margaret L. Gilmore v. American Cruise Lines, Inc.

### (GENERAL MARITIME LAW - MAINTENANCE AND CURE)

23. The Plaintiff, Margaret L. Gilmore, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Margaret L. Gilmore, has incurred and will continue to incur expenses for her maintenance and cure.

WHEREFORE, the Plaintiff, Margaret L. Gilmore, demands judgment against the Defendant, American Cruise Lines, Inc., in the amount of Two Hundred Thousand dollars ($200,000.00) for maintenance and cure, together with costs and interest.

## COUNT IV

### Margaret L. Gilmore vs. American Cruise Lines, Inc.

**(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE AND CURE)**

25. The Plaintiff, Margaret L. Gilmore, reiterates the allegations set forth in paragraphs 1 through 14 above.

26. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Margaret L. Gilmore, has incurred and will continue to incur expenses for her maintenance and cure.

27. The Plaintiff, Margaret L. Gilmore, has made demand upon the Defendant, American Cruise Lines, Inc., for the provision of maintenance and cure.

28. The Defendant, American Cruise Lines, Inc., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

29. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from her usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Margaret L. Gilmore, demands judgment against the Defendant, American Cruise Lines, Inc., in the amount of Four Hundred Thousand Dollars ($400,000.00), as compensatory damages for failure to pay maintenance and cure, together with

costs, interest, and reasonable attorneys fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, III AND IV.

                            Respectfully submitted for the
                            Plaintiff, Margaret L. Gilmore,
                            by her attorney,

                            */s/ Carolyn M. Latti*
                            Carolyn M. Latti, BBO 567394
                            David F. Anderson, BBO 560994
                            Latti & Anderson LLP
                            30-31 Union Wharf
                            Boston, MA 02109
                            (617) 523-1000

Dated: November 1, 2004