UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARGARET L. GILMORE )<br>　　Plaintiff ) <br> ) <br> v. ) <br> ) <br> AMERICAN CRUISE LINES, INC. ) <br>　　Defendant ) <br> ) | Civil Action No.  04-12323-NG |

## DEFENDANT'S ANSWER TO PLAINTIFFS COMPLAINT
## AND DEMAND FOR JURY TRIAL

1. Defendant American Cruise Lines, Inc. ("American") is without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 1 of plaintiff's complaint and, therefore, denies same.

2. Defendant American admits the allegations contained in paragraph 2 of plaintiff's complaint.

3. Defendant American denies the allegations contained in paragraph 3 of plaintiff's complaint.

4. Defendant American admits the allegations contained in paragraph 4 of plaintiff's complaint.

5. Defendant American admits that that the plaintiff was under its employ on or about August 5, 2002, American denies all remaining allegations contained in paragraph 5 of plaintiff's complaint.

6. Defendant American admits the allegations contained in paragraph 6 of plaintiff's complaint.

7. Defendant American denies the allegations contained in paragraph 7 of plaintiff's complaint.

8. Defendant American admits the allegations contained in paragraph 8 of plaintiff's complaint.

9. Defendant American admits the allegations contained in paragraph 9 of plaintiff's

complaint.

10.     Defendant American denies the allegations contained in paragraph 10 of plaintiff's complaint.

11.     Defendant American denies the allegations contained in paragraph 11 of plaintiff's complaint.

12.     Defendant American denies the allegations contained in paragraph 12 of plaintiff's complaint.

## JURISDICTION

13.     Paragraph 13 of plaintiff's complaint states a conclusion of law which requires no answer. If an answer is required, jurisdiction is denied by defendant American.

14.     Paragraph 14 of plaintiff's complaint states a conclusion of law which requires no answer. If an answer is required, jurisdiction is denied by defendant American.

## COUNT I
### Margaret L. Gilmore v. American Cruise Lines. Inc.
### (JONES ACT NEGLIGENCE)

15.     Defendant American repeats and reiterates its answers to paragraphs 1 through 14 inclusive as if fully set out herein.

16.     Defendant American denies the allegations contained in paragraph 16 of plaintiff's complaint.

17.     Defendant American denies the allegations contained in paragraph 17 of plaintiff's complaint.

18.     Paragraph 18 of plaintiff's complaint states a conclusion of law which requires no answer.

## COUNT II
### Margaret L. Gilmore v. American Cruise Lines, Inc.
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19.     Defendant American repeats and reiterates its answers to paragraphs 1 through 18 inclusive as if fully set out herein.

20.     Defendant American denies the allegations contained in paragraph 20 of plaintiff's complaint.

21.     Defendant American denies the allegations contained in paragraph 21 of plaintiff's complaint.

22.     Paragraph 22 of plaintiff's complaint states a conclusion of law which requires no answer.

### COUNT III
### Margaret L. Gilmore v. American Cruise Lines, Inc.
### (GENERAL MARITIME LAW - MAINTENANCE AND CURE)

23.     Defendant American repeats and reiterates its answers to paragraphs 1 through 22 inclusive as if fully set out herein.

24.     Defendant American denies the allegations contained in paragraph 24 of plaintiff's complaint.

### COUNT IV
### Margaret L. Gilmore vs. American Cruise Lines, Inc.
### (GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE AMD CURE)

25.     Defendant American repeats and reiterates its answers to paragraphs 1 through 24 inclusive as if fully set out herein.

26.     Defendant American denies the allegations contained in paragraph 26 of plaintiff's complaint.

27.     Defendant American denies the allegations contained in paragraph 27 of plaintiff's complaint.

28.     Defendant American denies the allegations contained in paragraph 28 of plaintiff's complaint.

29.     Defendant American denies the allegations contained in paragraph 29 of plaintiff's complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

And answering further as a first separate and affirmative defense, defendant American states that the plaintiff's complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

And answering further as a second separate and affirmative defense, defendant American states that if the plaintiff were injured as alleged, which is denied, said injuries were caused or

contributed to by the plaintiff's own negligence and, therefore, plaintiff can recover nothing, or, alternatively, any recovery should be reduced by the degree of the plaintiff's own negligence.

### THIRD AFFIRMATIVE DEFENSE

And answering further as a third separate and affirmative defense, defendant American states that if the plaintiff were injured as alleged, which is denied, said injuries were caused by an act or acts of god or a third person or persons over which the defendant had no control.

### FOURTH AFFIRMATIVE DEFENSE

And answering further as a fourth separate and affirmative defense, defendant American states that if the plaintiff were injured as alleged, which is denied, the plaintiff failed to take all reasonable steps to mitigate her injuries, and that as a result thereof, the plaintiff suffered further injury for which the defendant is not responsible.

### FIFTH AFFIRMATIVE DEFENSE

And answering further as a fifth separate and affirmative defense, defendant American states that if the plaintiff were injured as alleged, which is denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceeds the value of the vessel, including her pending freight; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America of and concerning Limitation of Liability of the defendant, including 46 U.S.C. §183(b).

### SIXTH AFFIRMATIVE DEFENSE

And answering further as a sixth separate and affirmative defense, as to Counts III and IV of the plaintiff's complaint, defendant American states that maintenance obligations, if any, which are denied, have in all respects been satisfied and that no further maintenance payments are due, and that the amount of maintenance paid exceeded the amount usually paid to comparable seamen.

SEVENTH AFFIRMATIVE DEFENSE

And answering further as a seventh separate and affirmative defense, as to Counts III and IV of the plaintiff's complaint, defendant American states that the cure obligations, if any, which are denied, to date, have in all respects been satisfied and that no further cure payments are due, in part because plaintiff failed to take those steps required of a putative seamen to be entitled to maintenance and cure.

WHEREFORE, defendant American Cruise Lines, Inc. prays that plaintiff's complaint be dismissed with costs, reasonable attorneys fees and such other recovery as the Court considers appropriate.

**DEFENDANT AMERICAN CRUISE LINES, INC. DEMANDS TRIAL BY JURY.**

AMERICAN CRUISE LINES, INC.
By its attorneys,


\s\ Bertram E. Snyder
Bertram E. Snyder, BBO#471320
Patrick O. McAleer, BBO#642627
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, Massachusetts 02110
(617) 951-2800

<u>Certificate of Service</u>

      I hereby certify that on this 24th day of November 2004, I served the foregoing by mailing a copy thereof, postage prepaid, to Carolyn Latti, Esq., Latti & Anderson LLP, 30-31 Union Wharf, Boston, MA 02109.

          \s\ Bertram E. Snyder
          Bertram E. Snyder