UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARGARET L. GILMORE<br>    Plaintiff | )<br>)<br>)<br>) | |
| V. | )<br>) | Civil Action |
| AMERICAN CRUISE LINES, INC.<br>    Defendant | )<br>)<br>)<br>) | No. 04-12323-NG |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH**

Now comes the Plaintiff in the above entitled matter and by and through her attorneys submits Plaintiff's Opposition to Defendant's Motion to Quash. As grounds, Plaintiff states the following:

On Plaintiff's first day of work on the AMERICAN EAGLE, a 142 foot vessel which cruises the New England Coast, the Plaintiff was raped by a fellow crew member, Michael Romero when the vessel was in Boothbay Harbor, Maine. In the early hours of August 5, 2002, on two separate occasions, Michael Romero, using the Master Key given to him by crew members, went in to the Plaintiff's room and raped her. Romero plead guilty to unlawful sexual conduct and aggravated criminal trespass and was sentence to prison for the total of three and half years in Maine.

At the time of the rape, Plaintiff was living in Sudbury, Massachusetts with her parents. Plaintiff brought suit against the Defendant under the Jones Act for negligence and general maritime law for unseaworthiness.

As indicated by Defendant's affidavit, the AMERICAN EAGLE will be in Massachusetts and Maine this summer. The Maine Coast and Harbors Cruise which the AMERICAN EAGLE

will be doing in July, August and September stops in the towns of Bangor, Bar Harbor, Rockland, Bath, Camden, Belfast and Bucksport, Maine. *Exhibit A, F.* The New England Island Cruise starts in Providence, Rhode Island or New London Connecticut and stops in the ports of New Bedford, Martha's Vineyard, Fall River, Massachusetts and Newport and Block Island, Rhode Island. *Exhibit B, F.* The cruises run generally 7 nights, 8 days with the vessel stopping in the various New England ports spending a half a day to a day in each port. *Exhibit A, B, F.*

Plaintiff's counsel has always indicated to Defense counsel that it wanted to inspect the AMERICAN EAGLE in either Maine, Massachusetts or the New England Coast. On March 23, 2005, Plaintiff forwarded a letter to defense counsel requesting an inspection of the AMERICAN EAGLE when it was in the Massachusetts area during the month of June. *Exhibit C.* Defendant would only agree to produce the AMERICAN EAGLE in Salisbury, Maryland when the vessel was in lay up. Despite Plaintiff's request to inspect in Massachusetts and the ease of access to the parties when the vessel is in New England, Defendant refused to produce the vessel in Massachusetts, Maine or the New England area. Plaintiff then noticed the inspection of the AMERICAN EAGLE for June 13, 2005[1] in New Bedford, Massachusetts. *Exhibit D.*

An inspection in Massachusetts, Maine or New England is convenient, time efficient and economical for all parties. To view the vessel in Massachusetts would be a 40 minute ride to Fall River and a little bit more than an hour to New Bedford. To view the vessel in Portland, Maine or surrounding areas where the vessel stops would be a one and half to three hour drive for counsel depending on the port. To inspect the vessel in Salisbury, Maryland would require a flight from Boston to Baltimore, Maryland which is approximately an hour an half flight one way but requires a two hour check in prior. Then, from Baltimore to Salisbury is a three hour

---

[1] Plaintiff chose the date of June 13, 2005 based on Defendant's web site and reservation agents of the Defendant which stated that the AMERICAN EAGLE would be in New Bedford at that time. *Exhibit A.* Plaintiff can inspect the vessel at any time when the vessel is in Massachusetts, Maine or New England.

drive to the area of the inspection. *Exhibit E.* Plaintiff's inspection will take approximately 30 minutes to one hour and then will require a three hour drive back to Baltimore airport, waiting time at the airport of two hours or more and flight home. To view the vessel in Salisbury, Maryland will consume an entire day of a minimum of 13-15 hours to travel from Boston, Massachusetts to Salisbury, Maryland and back. Additionally, there will be expenses associated with the flight, rental car and travel. An inspection in the Massachusetts or Maine would be completed in the time it would take either counsel fly one way to Baltimore Maryland and takes less than ¼ of time it takes to inspect the vessel in Salisbury, Maryland.

There is plenty of time to inspect the vessel when the vessel is in port during a cruise or on a change over day. When the vessel is port it is there for a half to almost a full day and on change over day there is a window of three hours when no one is on the vessel which is plenty of time for counsel to perform an inspection.

The inspection of AMERICAN EAGLE will not disrupt the cruise operations or involve the passengers or passengers rooms. In its Motion, Defendant alleges that passengers will have to be delayed to board the vessel since Plaintiff's counsel will want to view staterooms on the vessel. Plaintiff was raped in her cabin, #308 which is an employee stateroom and to Plaintiff's knowledge it is still an employee stateroom. Plaintiff wishes to see employee stateroom #308. It is unclear how viewing an employee stateroom would require a delay to passengers. If it was on a changeover day, there would be no delay to passengers since the inspection could easily occur during the three hour window when no passengers are on the vessel. If it is when the vessel is in port, Plaintiff's counsel will be wearing casual clothes and passengers will either think Plaintiff's counsel is a member of the crew working on the vessel or a passenger taking

pictures. Defendant has failed to show how operations on the AMERICAN EAGLE will be disrupted.

Defense counsel has failed to meet its burden in producing evidence how Plaintiff's inspection of the vessel when it is in Massachusetts, Maine, Rhode Island or Connecticut port is inconvenient or disruptive to the Defendant. Rather, the evidence clearly shows that it is greater inconvenience on all parties to inspect the AMERICAN EAGLE in Salisbury, Maryland where it would take a minimum of 13 hours for parties to travel from Boston, Massachusetts to Salisbury, Maryland. Based on the foregoing, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Quash Plaintiff's Notice of Inspection and allow an inspection of the AMERICAN EAGLE in Massachusetts or Maine.

WHEREFORE, Plaintiff requests that this Honorable Court deny Defendant's Motion to Quash and allow an inspection of the AMERICAN EAGLE in Massachusetts or Maine.

        Respectfully submitted for the
        Plaintiff, Margaret L. Gilmore,
        by her attorney,

        /s/ Carolyn M. Latti
        Carolyn M. Latti, BBO 567394
        David F. Anderson, BBO 560994
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, MA 02109
        (617) 523-1000

Dated: June 20, 2005

CERTIFICATE OF SERVICE

      I hereby certify that on June 20, 2005, I electronically filed Plaintiff's Opposition to Defendant's Motion to Quash with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to the following:

Bertram E. Snyder, Esquire
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110

                                      Respectfully submitted for the
                                      the Plaintiff,

                                      /s/Carolyn M. Latti
                                      Carolyn M. Latti
                                      Latti & Anderson LLP
                                      30-31 Union Wharf
                                      Boston, MA 02109
                                      617-523-1000
                                      clatti@lattianderson.com