PLAINTIFF'S EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARET L. GILMORE<br>Plaintiff<br><br>v.<br><br>AMERICAN CRUISE LINES, INC.<br>Defendant | Civil Action No. 04-12323-NG |

## DEFENDANT AMERICAN CRUISE LINES, INC.'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

### INTERROGATORY NO. 1

Please state:

    a.    If the Defendant is a natural person, please state the Defendants full name, residential address, and business address;

    b.    If the Defendant is a publicly traded corporation, please state the exact corporate name, the state of incorporation, the Defendant corporation's address; and identify all officers, directors and any parent or subsidiary corporations.

    c.    If the Defendant is not a publicly traded corporation, please state the exact corporate name, the state of incorporation, the Defendant corporation's address; and identify all officers, directors and shareholders of the Defendant corporation and any parent or subsidiary corporations.

    d.    If the Defendant is a partnership (including limited partnerships and limited liability partnerships), please state the exact partnership name, the business address of the partnership and the full name and residential address of each partner.

    e.    If the Defendant is not a natural person, or a corporation or a partnership, please describe the type of entity the Defendant is, and identify all executive officers of the Defendant's organization.

## ANSWER NO. 1

c.  The Defendant is not a publicly traded corporation.

>   Corporate Name:         American Cruise Lines, Inc.
>   State of Corporation:   Delaware
>   Corporate Address:      1013 Centre Road
>                           Wilmington, DE 19810
>   Officers:               President – Charles A. Robertson
>                           Vice President – H. Anthony Severn
>                           Secretary – H. Anthony Severn
>                           Treasure – Susan Renner
>                           Asst. Vice President – Timothy Beebe
>                           Asst. Secretary – Robert Gordon
>   Directors:              Charles A. Robertson, H. Anthony Severn, Robert James

Defendant objects to the naming of shareholders as this information is irrelevant and not calculated to lead to the production of relevant evidence. Without waiving its objection, defendant states that directors Robertson and James are shareholders.

## INTERROGATORY NO. 2

With respect to the vessel named in the Plaintiffs Complaint, please identify, as of the date of the alleged incident:

   a.  the owner of said vessel;

   b.  the operator of said vessel;

   c.  the controller of said vessel; and

   d.  the charterer (if any) of said vessel.

## ANSWER NO. 2

A.  American Cruise Lines, Inc.

B.  Operated by American Cruise Lines, Inc.

C.  This question is not understood.

D.  There was no charterer.

**INTERROGATORY NO. 3**

Based upon information the Defendant has acquired either directly or through communications with its agents, servants, employees, investigators, adjusters, legal representative, the Plaintiff, and/or any other person, please describe in detail the Defendant's understanding of how the alleged incident occurred, setting forth the date, location, time, sequence of events, and the cause (or causes) of said incident.

**ANSWER NO. 3**

This interrogatory is objectionable as it asks for attorney-client and trial preparation privileged material. Without waiving its objection, and based on non attorney-client and trial preparation material, defendant has learned that chef Michael Romero in some manner gained access to the cabin of cruise director Meg Jacobi on board the AMERICAN EAGLE during the early morning hours of August 5, 2002 while the vessel was berthed in Boothbay Harbor, Maine. Ms. Jacobi alleges that Mr. Romero made sexual advances towards her. Ms. Jacobi went to a local hospital to try to determine the extent of any sexual advances. Mr. Romero was removed from the vessel by the local police.

**INTERROGATORY NO. 4**

Identify all log entries, Coast Guard reports, accident reports, injury reports, captains s report, reports of crew members, investigative reports or any other communications, writing or report concerning the alleged incident, stating for each, whether said report or writing was prepared in anticipation of litigation as defined by Fed.R.Civ.P. 26(B)(3). In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iv. of the Definitions section of these interrogatories.

**ANSWER NO. 4**

Please see defendant's Response to Plaintiff's Request for Production Nos. 1, 3 and 4.

**INTERROGATORY NO. 5**

Identify all officers and members of the crew of the Defendant's vessel, at the time of the alleged incident, also including within your answer, the capacity in which each officer/crew member served the vessel (i.e. Captain, Mate, Cook, etc.), length of employment with Defendant and whether they witnessed the alleged incident. In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iii. of the Definitions section of these interrogatories.

**ANSWER NO. 5**

Please see defendant's Responses to Plaintiff's Request for Production No. 59. Captain Howe and crewmembers Sword and Kirschoff may have witnessed some of the events involving Ms. Jacobi and Chef Romero.

### INTERROGATORY NO. 6

Please itemize all payments of maintenance & cure benefits paid by the Defendant to, or on behalf of, the Plaintiff, setting forth the date of each payment, the amount of each payment, and to whom each payment was made.

### ANSWER NO. 6

One cure benefit was paid to Donald DeBlock, PhD in the amount of $1,320.00 on October 11, 2002. See defendant's response to Plaintiff's Request for Production No. 19 for payments made to the plaintiff.

### INTERROGATORY NO. 7

If the Defendant has not provided maintenance & cure benefits, if the Defendant has delayed provision of maintenance & cure benefits for more than thirty days after a request for benefits was made, or if the Defendant has discontinued such provision of maintenance & cure benefits, please state the basis upon which the Defendant relies for its failure to provide maintenance & cure, its delay in providing maintenance & cure and/or its discontinuance of the said maintenance and cure benefits.

### ANSWER NO. 7

Plaintiff's prior counsel did not produce requested documentation to support maintenance and further cure payments. Plaintiff was paid wages after she left the vessel.

### INTERROGATORY NO. 8

If Defendant was not present at the time of the alleged incident, please state:

    a.    whether Defendant had notice or knowledge of said alleged incident; and

    b.    when, where, in what manner and from whom such notice or knowledge of the alleged incident was received or acquired.

### ANSWER NO. 8

Some of the defendant's crew on board the AMERICAN EAGLE were present and have knowledge of certain aspects of the events on August 5, 2002.

### INTERROGATORY NO. 9

Identify any communications, statements and/or admissions made by the Plaintiff to anyone concerning: 1) the alleged incident; 2) the injuries alleged in plaintiffs complaint; and/or 3) the damages alleged in plaintiffs complaint. Please include within your answer:

a. ~~the date said communication was made;~~

b. the name and address of the person to whom said communication was made;

c. where said communication was made;

d. the name and address of each person present at the time said communication was made;

e. the precise contents of the communication

f. if said communication was written, recorded, or transcribed, please state the present location of said writing or transcription.

## ANSWER NO. 9

Please see defendant's Responses to Plaintiff's Request for Production Nos. 1, 2 and 4.

## INTERROGATORY NO. 10

Identify all written reports, recorded conversations, and/or statements (signed or unsigned), and all memoranda of statements, made by any person at any time, relating to: 1) alleged incident; 2) the cause of the alleged incident; 3) the Plaintiffs alleged injuries; and/or 4) the Plaintiffs alleged damages. In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iv of the Definitions section of these interrogatories.

## ANSWER NO. 10

Please see defendant's Responses to Plaintiff's Request for Production Nos. 1, 2 and 4.

## INTERROGATORY NO. 11

Identify all photographs, videotapes, ships plans, and/or blueprints of the vessel named in Plaintiffs complaint, which were made, drawn, taken and/or developed within the past 10 years.

## ANSWER NO. 11

This interrogatory is objected to as burdensome and not calculated to lead to the production of relevant evidence. There are hundreds if not thousands of items in response to Interrogatory No. 11. If plaintiff narrows its requests to specific areas of the ship and a time frame around August 5, 2002, defendant will attempt to identify and make said items available for review or produce said items at plaintiff's expense.

## INTERROGATORY NO. 12

If, with respect to the alleged incident or the Plaintiffs alleged injuries and damages, the Defendant claims that the Plaintiff was: A) contributory negligent; B) failed to exercise

reasonable care for her own safety; C) breached a duty of care owed to herself and/or others; or D) or failed to mitigate her damages, then please state the basis of each such claim.

## ANSWER NO. 12

At this early stage of discovery, defendant is unable to answer Interrogatory No. 12. If facts relevant to this interrogatory are obtained, this answer will be supplemented.

## INTERROGATORY NO. 13

State the basis of the affirmative defense(s) raised in Defendant's Answer to Plaintiffs Complaint.

## ANSWER NO. 13

At this early stage of discovery, defendant has no basis to support affirmative defenses first, second, third fourth.

If facts relevant to respond to this interrogatory are obtained as to the first four affirmative defenses, this answer will be supplemented or affirmative defenses will be withdrawn.

As to the fifth affirmative defense, plaintiff's damages, if any are unknown. If defendant is found negligent and if her damages exceed the value of the vessel, defendant had no knowledge of the negligent acts complained of and is entitled to limit its liability.

As to the sixth and seventh affirmative defenses, defendant voluntarily paid plaintiff wages after she left the vessel and paid an initial cure bill without a medical report. Plaintiff's prior counsel refused to produce records in support of any continued maintenance and cure claim.

## INTERROGATORY NO. 14

Please identify each person who was a witness to the events immediately preceding, during, and/or immediately after the alleged incident. In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iii of the Definitions section of these interrogatories.

## ANSWER NO. 14

Please see answer to Interrogatory No. 5.

## INTERROGATORY NO. 15

Please state the names, addresses, and expected testimony of each expert witness who the Defendant may call at trial, including in your answer:

    a.    the subject matter on which the expert is expected to testify;

b. the education, training and/or expertise that qualifies said expert witness as an expert on the subject matter;

c. the specific opinions and/or facts to be expressed by the expert;

d. a complete summary of the grounds for each opinion to be expressed at trial.

e. identify all documents relied upon by the expert in forming his/her opinions.

f. set forth all facts relied upon by the expert when forming his/her opinions.

## ANSWER NO. 15

Defendant has not selected any expert witnesses except Harold J. Bursztajn, MD, Harvard Medical School, Cambridge, MA 02138.

    a. Dr. Bursztajn will testify on psychiatric aspects of plaintiff's claim.
    b. A partial resume of Dr. Bursztajn is attached as Exhibit A.
    c-f. Dr. Bursztajn has not formed any opinions. This answer will be supplemented in due course.

## INTERROGATORY NO. 16

If the Defendant claims that it is entitled to limit its liability pursuant to 46 U.S.C. 183, please state:

a. the value of the vessel at the conclusion of the voyage upon which the alleged incident occurred;

b. the value of the freight then pending on vessel at the conclusion of the voyage upon which the alleged incident occurred;

c. the basis for the above valuations;

## ANSWER NO. 16

A. $5,000,000
B. None
C. Please see defendant's response to plaintiff's Request for Production No. 35.

## INTERROGATORY NO. 17

With respect to this civil action, please list the names of all natural persons who the Defendant claims are represented by Counsel for the Defendant.

**ANSWER NO. 17**

The defendant will represent any of its employees, past or present with respect to this civil action.

**INTERROGATORY NO. 18**

Identify all protection and indemnity (P & I) policies, policies of insurance, excess insurance policies, re-insurance policies and/or indemnity agreements, under which any person may be liable to make payments or indemnify any other person, as a result of the claims asserted in the above captioned Civil Action, or as a result of Judgment entered in the above captioned Civil Action, stating for each:

    a.    the type of policy or agreement;

    b.    the insurer;

    c.    the insured;

    d.    the limits of coverage;

    e.    the dates in which the policy is or was in effect.

**ANSWER NO. 18**

Please see defendant's Responses to Plaintiff's Request for Production No. 35.

**INTERROGATORY NO. 19**

If you claim that the Plaintiff instigated, initiated and/or was at fault or blame for the attack by Michael Romero, please state the basis, including in your answer, any and all statements made by the Plaintiff

**ANSWER NO. 19**

At this time, pending further discovery, defendant has no evidence that plaintiff instigated, initiated and/or was at fault or blame for the events of August 5, 2002.

**INTERROGATORY NO. 20**

Identify any prior attacks-sexual and non sexual, assaults-sexual and non sexual, arguments, intimidation, threats, belligerence, hostility, rudeness, advances, sexual advances, drunken behavior and violence by Michael Romero against fellow captains, crew, employees, workers, passengers and/or people on any vessel owned, operated or controlled by the Defendant.

## ANSWER NO. 20

Defendant knows of no behavior as described in plaintiff's Interrogatory No. 20.

## INTERROGATORY NO. 21

Prior to the alleged incident, please state the Defendant's, knowledge of Michael Romero's past history of attacks-sexual and non-sexual, assaults-sexual and non sexual, arguments, intimidation, threats, belligerence, hostility, rudeness, advances, sexual advances, drunken behavior, violence and criminal and mental history.

## ANSWER NO. 21

Defendant knows of no behavior as described in Interrogatory No. 21.

## INTERROGATORY NO. 22

Please state at the time of the alleged incident up until present, the policy, procedures, rules and/or regulations, if any, regarding the responsibility, use and lending out of the Master key(s) to other crew members and/or individuals on the vessel.

## ANSWER NO. 22

The defendant has no written rules or procedures regarding the use or lending out of Master Keys. As a matter of company policy, access to Master Keys is limited to those who need access. Master Keys are issued to hotel manager (purser), assistant hotel manager (cruise director) and room stewards.

## INTERROGATORY NO. 23

Please state at the time of the alleged incident the type, manufacture and age of lock(s), if any, that were present on the Plaintiffs cabin room door.

## ANSWER NO. 23

There was a Yale lock on plaintiff's cabin door. Defendant is trying to locate additional details about said lock and this answer will be supplemented if additional information is obtained.

## INTERROGATORY NO. 24

Please identify the passengers on the cruise in which the alleged incident occurred. In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iii of The Definitions section of these interrogatories.

## ANSWER NO. 24

Defendant objects to Interrogatory No. 24 as not calculated to lead to the production of relevant evidence. To defendant's knowledge, no passenger has been mentioned in any investigation of the incident. To defendant's knowledge, no passenger was even aware of said incident. The vessel departed Booth Bay, Maine on the morning of August 5 as scheduled. Defendant's business reputation will be tarnished by asking passengers about an on board incident, which took place two and a half years ago.

## INTERROGATORY NO. 25

Please identify all manuals, handbooks and documents regarding procedures, operations, regulations, policies, rules, safety, training, protocol, drills and/or standing orders that were on the AMERICAN EAGLE at the time of the alleged incident to the present. In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iv of the Definitions section of these interrogatories.

## ANSWER NO. 25

Defendant does not have in its possession any of the items, and therefore cannot identify the items described in Interrogatory No. 25. Defendant has a 2005 Operations Manual dated July 18, 2005. There would have been a 2002 Operations Manual on board on August 2002, but defendant does have a copy of said 2002 Operations Manual.

Signed under the pains and penalties of perjury this __22__ day of March 2005.

AMERICAN CRUISE LINES, INC.

By: _____

As to objections:

_____
Bertram E. Snyder, Esq.
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110

### Certificate of Service

I hereby certify that on this __22__ day of March 2005, I served the foregoing by mailing a copy thereof, postage prepaid, to Carolyn Latti, Esq., Latti & Anderson LLP, 30-31 Union Wharf, Boston, MA 02109.

_____
Bertram E. Snyder

L:\13721077\Pld\04                          10

# WITNESS/VICTIM STATEMENT FORM

NAME: _____     DATE OF BIRTH: _____
HOME ADDRESS: _____     HOME PHONE: _____
_____
WORK ADDRESS: Florida _____   WORK PHONE: ___-753-____

STATEMENT:

8/5/02 Approx 0165 hr Aboard M/V American Eagle, Kate [illegible] (the night watch keeper) knocked on my Cabin Door and told me she thought that there was a problem in Cabin #306. So I knocked on the door and the Romero [?] knocked and came out of the room. This is not his room. LATER upon going by the hallway [illegible] as trying to get Mike into his room. then she returned to her room. Both people closed their door out @10 Meg knocked on my door to explain he had forced himself into her room again. Meg said he would leave while I went and got Mike Romero out of his room to enquire what was going on. Mike became very agitated and loud and I locked myself at [that?] Point. I told him he had to leave the vessel and he said no. I called 911 and the Pol[ice]

(OVER →)

DATED: 8/5/02                    _____
                                 Signature of Witness/Victim

If NOT written by witness/victim:

This statement was written for _____Meg_____ by
                              (witness/victim)
_____ on _____, 1992.
                              (date)

(Attach additional pages if necessary.)

...on all People Concerned," And Removed Mike
...oreno from the Vessel.





Harvard Medical School

**Forensic Psychiatry & Medicine**

**Curriculum Vitae of
Harold J. Bursztajn, MD**

---

HAROLD J. BURSZTAJN, M.D.
Associate Clinical Professor
Harvard Medical School
Cambridge, MA 02138
(617) 492-8366

PERSONAL INFORMATION

- Born November 18, 1950
- Married

EDUCATION

- 1968: Diploma, Eastside High School, Paterson, NJ
- 1972: A.B. Princeton University, Princeton, NJ
- 1977: M.D. Harvard Medical School, Boston, MA

POSTDOCTORAL TRAINING

- Internships and Residencies:
    - 1977-1978: *Resident in Pediatrics*, Children's Hospital Medical Center
    - 1979-1982: *Resident in Psychiatry*, Massachusetts Mental Health Center
    - 1981-1982: *Chief Resident*, Program in Psychiatry and the Law, Massachusetts Mental Health Center
- Fellowships and Other Education:
    - 1975-1976: *Special Fellow*, Department of Preventive and Social Medicine, Harvard Medical School
    - 1978-1980: *Research Fellow*, Division of Family Medicine and Primary Care, Harvard Medical School
    - 1981: *Special Student*, Harvard Law School
    - 1981: *Candidate*, Boston Psychoanalytic Institute
    - 1989: *Advanced Candidate*, Boston Psychoanalytic Institute

LICENSURE AND CERTIFICATION

- 1978: Massachusetts, #43038
- 1982: New Hampshire, #6592
- 1984: American Board of Psychiatry and Neurology, #26278
- 1994: American Board of Psychiatry and Neurology Added Qualifications in Forensic Psychiatry, #38
- 2001: National Institute of Health Office of Human Subjects Research computer-based training course on the Protection of Human Research Subjects, #979405050

**ANSWER NO. 24**

Defendant objects to Interrogatory No. 24 as not calculated to lead to the production of relevant evidence. To defendant's knowledge, no passenger has been mentioned in any investigation of the incident. To defendant's knowledge, no passenger was even aware of said incident. The vessel departed Booth Bay, Maine on the morning of August 5 as scheduled. Defendant's business reputation will be tarnished by asking passengers about an on board incident, which took place two and a half years ago.

**INTERROGATORY NO. 25**

Please identify all manuals, handbooks and documents regarding procedures, operations, regulations, policies, rules, safety, training, protocol, drills and/or standing orders that were on the AMERICAN EAGLE at the time of the alleged incident to the present. In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iv of the Definitions section of these interrogatories.

**ANSWER NO. 25**

Defendant does not have in its possession any of the items, and therefore cannot identify the items described in Interrogatory No. 25. Defendant has a 2005 Operations Manual dated July 18, 2005. There would have been a 2002 Operations Manual on board on August 2002, but defendant does have a copy of said 2002 Operations Manual.

Signed under the pains and penalties of perjury this ___22___ day of March 2005.

AMERICAN CRUISE LINES, INC.

By: _____

As to objections:

_____
Bertram E. Snyder, Esq.
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110

Certificate of Service

I hereby certify that on this 3rd day of May 2005, I served the foregoing by mailing a copy thereof, postage prepaid, to Carolyn Latti, Esq., Latti & Anderson LLP, 30-31 Union Wharf, Boston, MA 02109.

_____
Bertram E. Snyder

L:\1372\077\Pld\04                    10