

PLAINTIFF'S EXHIBIT
D

# LATTI & ANDERSON LLP
*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109  (617) 523-1000
Portland, ME  (207) 874-6464
Facsimile  (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

OF COUNSEL
MICHAEL B. LATTI

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740  (508) 999-1029
35 Main Street, Gloucester, MA 01930  (978) 281-0605

*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

August 22, 2005

Bertram E. Snyder, Esquire
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110

Re:  Margaret L. Gilmore v. American Cruise Lines, Inc.
     Civil Action No: 04-12323-NG

Dear Mr. Snyder:

I am in receipt of your letter of August 15, 2005 noticing keeper of the records depositions of doctors, hospitals, institutions that Mrs. Gilmore saw from 2000 to present. Additionally, you requested that Mrs. Gilmore sign authorizations for you to obtain the records. Plaintiff objects to Mrs. Gilmore signing the authorizations.

On August 5, 2002, an employee of Defendant's, Mr. Romero raped Mrs. Gilmore. Romero broke into the cabin using a master key that was given out by a fellow employee. Romero plead guilty to unlawful sexual conduct and aggravated criminal trespass and was sentence to prison for over a total of three and half years in Maine.

At trial and during her deposition, Mrs. Gilmore will testify how the rape has affected her from nightmares, flashbacks, fear, fear of harm to herself, fear of rape again, fear of men to fear of being alone. We will not be calling an expert witness, doctor, to testify that Mrs. Gilmore suffers from mental illness and/or disorder such as depression, post traumatic stress disorder as a result of the rape. Nor is Plaintiff calling Dr. DeBlock and/or Dr. Rucker. Plaintiff is not claiming lost of past or future lost wages and will not proceed with either of her maintenance and cure claim.

Mrs. Gilmore's records for treatment for her gynecological/obstetrics issues, bulimia, alcohol abuse, stomach problems and other medical conditions are irrelevant to the fact she was raped and what Plaintiff is claiming as a result of the rape. At trial, Plaintiff is not claiming any of her medical conditions are related, aggravated or caused by the rape.

## LATTI & ANDERSON LLP

I have already provided you with the records from Miles Memorial Hospital which performed the rape test on the Plaintiff on August 5, 2002. Additionally, I have provided you with complete records of Dr. DeBlock, Plaintiff's treating psychologist from prior to and after the rape. I have also sent you records of Dr. Rucker who Plaintiff saw for several visits after the rape.

Defendants request for authorizations to obtain all of Mrs. Gilmore's medical records from 2000 to present is invasive and intrusive. The records are irrelevant to the claims Mrs. Gilmore is presenting at trial. Mrs. Gilmore should not have to open up her entire medical history for the past five years due to the rape by Defendant's employees.

Very truly yours,

LATTI & ANDERSON LLP

Carolyn M. Latti

CML:dmt