

PLAINTIFF'S EXHIBIT G

# LATTI & ANDERSON LLP

*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109  (617) 523-1000
Portland, ME  (207) 874-6464
Facsimile  (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

OF COUNSEL
MICHAEL B. LATTI

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740  (508) 999-1029
35 Main Street, Gloucester, MA 01930  (978) 281-0605

*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

September 30, 2005

VIA FACSIMILE & FIRST CLASS MAIL
(617) 951-2819
Bertram E. Snyder, Esquire
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110

Re:  Margaret L. Gilmore v. American Cruise Lines, Inc.
     Civil Action No: 04-12323-NG

Dear Mr. Snyder:

In Defendant's Motion to Compel Plaintiff to Sign HIPAA Authorizations and to be Examined by Defendant's Psychiatrist, you certify under Local Rule 37.1 that the parties spoke on the discovery disputes involved in the Motion.

At no time, have you ever requested an IME of Plaintiff. At no time, has Plaintiff's counsel ever indicated her position one way or another regarding an IME of Plaintiff. Despite this, you certify to the Court and write in your brief that "Plaintiff ...seems to suggest ACL is not entitled to a medical examination." That statement is a complete misrepresentation and Defendant has no grounds to make that statement.

The only discovery issue that was discussed between counsel was Plaintiff's refusal to sign HIPAA authorizations and provide Plaintiff's compete medical records. At no time, was an IME of Plaintiff ever discussed. In fact, your last letter of September 9, 2005 indicated that "Absent a prompt response from you that you are withdrawing your August 22 objections to having Mrs. Gilmore sign the authorizations, I will move to compel." In response to your letter, on September 14, 2005, I stated to you that "My letter of August 22, 2005 to you was quite clear that if you wanted additional records other than Miles Memorial Hospital, Dr. DeBlock and/or Dr. Rucker, Plaintiff objected to providing the records." No where does it state anything about an IME examination of Plaintiff. It is completely unclear to me how you can take the discovery dispute regarding signing authorizations and twist it into Plaintiff will not consent to an IME and then base an entire motion on the issue.

## LATTI & ANDERSON LLP

You have misrepresented to the Court regarding an "alleged Rule 37.1 conference on the issue of an IME" and then have proceeded to base an entire motion on the alleged position conjured up by Defendant that Plaintiff will not consent to an IME even though the issue has not been discussed with Plaintiff's counsel. Unless the Motion is withdrawn immediately, I intend to file a F.R.Civ.P 11 motion for sanctions due to the blatant misrepresentations made by Defendant and its violation of Local Rule 37.1.

Please let me know by the close of business today, what you intend to do.

Very truly yours,

LATTI & ANDERSON LLP

Carolyn M. Latti

CML:dmt

```
***********************
***   TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO              1445
CONNECTION TEL                    16179512819
SUBADDRESS
CONNECTION ID
ST. TIME              09/30 10:50
USAGE T               00'56
PGS. SENT             2
RESULT                OK
```

# LATTI & ANDERSON LLP

*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109 (617) 523-1000
Portland, ME (207) 874-6464
Facsimile (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

OF COUNSEL
MICHAEL B. LATTI

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740 (508) 999-1029
35 Main Street, Gloucester, MA 01930 (978) 281-0605

*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

September 30, 2005

VIA FACSIMILE & FIRST CLASS MAIL
(617) 951-2819
Bertram E. Snyder, Esquire
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110

Re:  Margaret L. Gilmore v. American Cruise Lines, Inc.
     Civil Action No: 04-12323-NG

Dear Mr. Snyder:

In Defendant's Motion to Compel Plaintiff to Sign HIPAA Authorizations and to be Examined by Defendant's Psychiatrist, you certify under Local Rule 37.1 that the parties spoke on the discovery disputes involved in the Motion.

At no time, have you ever requested an IME of Plaintiff. At no time, has Plaintiff's counsel ever indicated her position one way or another regarding an IME of Plaintiff. Despite this, you certify to the Court and write in your brief that "Plaintiff …seems to suggest ACL is not entitled to a medical examination." That statement is a complete misrepresentation and Defendant has no grounds to make that statement.

The only discovery issue that was discussed between counsel was Plaintiff's refusal to sign HIPAA authorizations and provide Plaintiff's compete medical records. At no time, was an IME of Plaintiff ever discussed. In fact, your last letter of September