
PLAINTIFF'S EXHIBIT
I

# LATTI & ANDERSON LLP

*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109 (617) 523-1000
Portland, ME (207) 874-6464
Facsimile (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

———
OF COUNSEL
MICHAEL B. LATTI

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740 (508) 999-1029
35 Main Street, Gloucester, MA 01930 (978) 281-0605
*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

October 7, 2005

VIA FACSIMILE
Bertram E. Snyder, Esquire
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110

FAXED OCT - 7 2005

Re: Margaret L. Gilmore v. American Cruise Lines, Inc.
Civil Action No: 04-12323-NG

Dear Mr. Snyder:

I am receipt of your October 6, 2005 letter. You have fail to acknowledge in your letter as I stated to you on October 5, 2005, that Plaintiff has never objected to an IME. If you had asked me for IME and discussed the issue as required by the local rules prior to filing your motion for an IME, Plaintiff would have informed you that there was no objection. It is amazing that from the language "expert medical testimony" in a letter dealing with Plaintiff's refusal to sign medical authorizations, that you have stated Plaintiff's counsel is to infer it means a request for an IME. In every case I have dealt with an attorney and this office has, when an attorney wants an IME, the attorney requests it with the appropriate language of "I want to have your client examined by an IME."

Your entire motion, except for about two sentences deal with a request for an IME. In fact, all your cases deal with the Court granting Defendant an IME. In fact, your conclusion states "Because Ms. Gilmore's credibility, her claimed emotional injuries, and her past emotional issues are all major factual issues, and because ACL has convincingly established its need for **an independent medical examination** in compliance with FRCP 35 requirements, its motion should be allowed. Your motion has nothing to do with the dispute at hand, which you correctly stated in your October 6, 2005 letter as Plaintiff's refusal to "sign authorizations allowing us to obtain medical records from her providers."

You have misrepresented to the Court Plaintiff's position and have filed a motion that does not even deal with the discovery dispute at hand. Under Rule 11, you have certified that you have made a reasonable inquiry of the facts and the law before signing any motion and are certifying it as true. Clearly, you have misrepresented to the Court's a discovery conference on the issue of an IME, have misrepresented to the

1

## LATTI & ANDERSON LLP

Court Plaintiff's position on an IME and have refused to correct it when Plaintiff has contacted you regarding the blatant misrepresentations. Unless it is corrected, I intend to file the appropriate motions with the Court seeking costs for the filing a frivolous motion on a discovery dispute of whether Plaintiff can have an IME, when it is not even disputed.

If you dealt with issue at hand, Plaintiff's refusal to produce all of Plaintiff's records and Plaintiff's refusal to sign authorizations, we would not be dealing with this issue right now.

I will be working on the opposition this weekend incurring costs, so I would appreciate a response. If I do not hear from you by the end of the day, I assume you are maintaining your position.

Very truly yours,

LATTI & ANDERSON LLP

Carolyn M. Latti

CML:dmt

10/07/2005 10:28 FAX 16175237394          LATTI & ANDERSON                    ☒001

```
                    ***********************
                    ***   TX REPORT    ***
                    ***********************

    TRANSMISSION OK

    TX/RX NO                    1474
    CONNECTION TEL                      16179512819
    SUBADDRESS
    CONNECTION ID
    ST. TIME                    10/07 10:27
    USAGE T                     00'58
    PGS. SENT                   2
    RESULT                      OK
```

# LATTI & ANDERSON LLP

*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109  (617) 523-1000
Portland, ME  (207) 874-6464
Facsimile  (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

OF COUNSEL
MICHAEL B. LATTI

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740  (508) 999-1029
35 Main Street, Gloucester, MA 01930  (978) 281-0605

*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

October 7, 2005

VIA FACSIMILE
Bertram E. Snyder, Esquire
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110

Re:  <u>Margaret L. Gilmore v. American Cruise Lines, Inc.</u>
     Civil Action No: 04-12323-NG

Dear Mr. Snyder:

I am receipt of your October 6, 2005 letter. You have fail to acknowledge in your letter as I stated to you on October 5, 2005, that Plaintiff has never objected to an IME. If you had asked me for IME and discussed the issue as required by the local rules prior to filing your motion for an IME, Plaintiff would have informed you that there was no objection. It is amazing that from the language "expert medical testimony" in a letter dealing with Plaintiff's refusal to sign medical authorizations, that you have stated Plaintiff's counsel is to infer it means a request for an IME. In every case I have dealt with an attorney and this office has, when an attorney wants an IME, the attorney requests it with the appropriate language of "I want to have your client examined by an IME."

Your entire motion, except for about two sentences deal with a request for an IME. In fact, all your cases deal with the Court granting Defendant an IME. In fact, your conclusion states "Because Ms. Gilmore's credibility, her claimed emotional injuries, and