PLAINTIFF'S EXHIBIT
5

# Looney & Grossman LLP
Attorneys at Law

101 Arch Street
Boston, MA 02110-1112
(617) 951-2800

Facsimile (617) 951-2819

## FACSIMILE COVER SHEET

| TO: | FROM: |
|---|---|
| Carolyn Latti | Bertram E. Snyder |
| **COMPANY:** | **DATE:** |
| Latti & Anderson | October 7, 2005 |
| **FAX NUMBER:** | **TOTAL NO. OF PAGES INCLUDING COVER:** |
| 617-523-7394 | 2 |
| **RE:** | **FILE NO.:** |
| Meg Jacobi | 1372.077 |

Note: If you have a question or problem regarding this fax, please call: (617) 951-2800
The original of the transmitted documents will be sent by:

☐ Regular Mail ☐ Messenger ☐ Overnight Mail ☐ This is the only form of delivery of transmitted document.

COMMENTS:



*****CONFIDENTIALITY NOTE******

The documents accompanying this facsimile transmission contain information from the law firm of Looney & Grossman LLP which may be CONFIDENTIAL AND PRIVILEGED. The information is intended to be for the use of the individual or entity named on this transmittal sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately and return the original message to us at the above address by First Class Mail via the U.S. Postal Service. Thank you.

# Looney & Grossman LLP
### Attorneys at Law

Bertram E. Snyder
Voicemail: Ext 543
Email: bertsnyder@lgllp.com

101 Arch Street
Boston, Massachusetts 02110-1112
Telephone (617) 951-2800
Telecopier (617) 951-2819
www.lgllp.com

October 7, 2005

**BY FACSIMILE**

Carolyn Latti, Esq.
Latti & Anderson
30-31 Union Wharf
Boston, MA 02109

  Re: **Margaret L. Gilmore (Nee Jacobi) v. American Cruise Lines, Inc.**
     **MV AMERICAN EAGLE DOA August 5, 2002**
     **Civil Action No. 04-12323 NG**
     **Our File No. 1372.077**

Dear Ms. Latti:

  I have your October 7 fax. We continue to exchange lengthy letters when the dispute has been and remains the production of medical records for an IME. I have indicated that we did not speak directly of an IME but it was clear to me and should have been clear to you that the records were sought for an IME.

  You now know that the records are sought for an IME. I do not consider an IME without the records in this case to be an IME. Your apparent concession to an IME without the records is no concession whatsoever. I cannot have a doctor in my professional opinion provide the expertise that I ask of him without the records. If the Court rules otherwise, so be it. I continue to be puzzled at the difficulty that you are having with my request. The authority that I have is supportive of the production of records I need. You may act accordingly.

               Very truly yours,

               Bertram E. Snyder

BES/ldo