UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

_____
                                    )
**MARGARET L. GILMORE**             )
    **Plaintiff**                  )
                                    )    **Civil Action**
**V.**                              )
                                    )    **No. 04-12323-NG**
**AMERICAN CRUISE LINES, INC.**     )
    **Defendant**                  )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Now comes the Plaintiff in the above entitled matter and by and through her attorneys submits Memorandum of Law in Support of Plaintiff's Motion to Compel Discovery. As grounds the Plaintiff states the following:

**I.    FACTS**

On August 5, 2002, Margaret Gilmore's[1] first day of work, as assistant hotel manager on the AMERICAN EAGLE,[2] she was raped by the vessel's chef, Michael Romero, when the vessel was in Boothbay Harbor, Maine. Romero had been employed on the AMERICAN EAGLE since January 2002. Romero plead guilty to unlawful sexual conduct and aggravated criminal trespass and was sentenced to prison for a total of almost ten years.

Lincoln County Sheriff's office investigated the rape. As part of their investigation, the Sheriff's Office obtained a statement of Romero that was video taped. *Exhibit A*. Plaintiff has tried to obtain the video tape and statement from the Sheriff's Office and the District Attorney's

---

[1] At the time, Plaintiff's name was Margaret Jacobi.
[2] The AMERICAN EAGLE is a 142 foot long vessel that cruises the New England coast in the summer and the Caribbean Sea in the winter.

office. *Exhibit A and B.* Both offices have informed Plaintiff's counsel that the tape is lost and they do not have any transcript of the tape. *Exhibit A and B .* The Sheriff's department stated it turned over the videotape to the DA's office, and the DA's office stated it gave its one and only copy of the videotape to Brian Morrissey, an investigator for Defendant's insurance company.

Plaintiff's Request for Production of Documents #2 and #4 seeks production of the videotaped, statement and/or transcript of Romero. *Exhibit C .* Defendant did not object to either request and did not produce any videotape or statement of Romero in response to Request for Production of Documents #2 and #4. *Exhibit C.* Since May 16, 2005 in six different letters, Plaintiff has continuously requested a copy of the video tape and/or statement. *Exhibit D*, *E*, *F*, *G*, *H*, *I*. It was not until October 12, 2005, that Plaintiff learned from Defendant that Defendant's investigator, Mr. Morrissey does not have the video tape; but does have a transcript of the statement of Romero taken by Sheriff's Department. *Exhibit K, L, M*.

Plaintiff's Interrogatory #10 sought all statements of any person relating to the incident, Plaintiff's injuries and damages. *Exhibit J.* Defendant never identified Romero's statement in its initial answers to Interrogatory #10[3] on March 22, 2005 nor when it supplemented its answer on September 26, 2005 by letter. *Exhibit J, K.* Apparently, Defendant found no reason to identify the statement in answers and supplemental answers to Interrogatory #10.

Defendant has refused to produce the Romero's statement taken by the Sheriff's department in response to Plaintiff's Request for Production of Documents. *Exhibit L, M.*

---

[3]Interrogatory No. 10.    Identify all written reports, recorded conversations, and/or statements (signed or unsigned), and all memoranda of statements, made by any person at any time, relating to: 1) alleged incident; 2) the cause of the alleged incident; 3) the Plaintiff's alleged injuries; and/or 4) the Plaintiff's alleged damages. In responding to this interrogatory please use the definition of the word "identify" set forth in paragraph iv of the <u>Definitions</u> section of these interrogatories.
Answer No. 10.        Please see defendant's Response to Plaintiff's Request for Production Nos. 1,2, and 4. *Exhibit J.*

Defendant will only produce the Sheriff's Department statement if Plaintiff "agree[s] to paying half of the expenses of my client obtaining the statement." *Exhibit L.* Defendant 's argues that it does not have to supplement its responses and provide the statement since Defendant did not receive the statement from American Cruise Lines, Defendant obtained the statement from his own investigation, at no expense" to Plaintiff and at the "the fruit of my client's investigation from a third party source." *Exhibit K, L and M.*

**II.   THIS COURT SHOULD COMPEL DEFENDANT TO PRODUCE THE TRANSCRIPT OF THE STATEMENT FROM ROMERO PURSUANT TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS.**

There are two requests under which the statement of Romero taken by the Sheriff's Department should be produced.

Request No. 2  <u>Statements of the Defendant</u>  All recorded communications, written reports and statements, which were written by, taken from, or given by the Defendant and/or any agents, servants or employees of the Defendant, concerning the Plaintiff's alleged incident, <u>other than</u> communications made to the Defendant's insurers, adjusters or attorneys.

Response No. 2       Please see response to Requests No. 1 and No. 4.[4]

Request No. 4 <u>Witness Statements</u>    All recorded communications, transcripts of recorded communications written reports, statements and memoranda of statements, which were written by, provided by or taken from, any witnesses to the alleged incident or by any persons having knowledge of the alleged incident.

Response No. 4       Attached as Exhibit 4 is the August 5, 2002 statement of Kathleen Swords. Attached as Exhibit 5 is the August 5, 2002 statement of Kevin Kirschoff. Please see Response No. 2 – Captain Howe memorandum.

Request No. 2 and 4 clearly applies to statement of Romero taken by the Sheriff's Department. Romero was an employee of Defendant and a witness to the event. Since

---

[4] Response No. 1 states "Attached is Exhibit 1 is the American Eagle official log for August 5, 2002. Attached as Exhibit 2 is a memo from American Eagle Captain Andrew Howe dated August 7, 2002.

3

Defendant failed to object to either request, any objection by Defendant after the fact on any grounds should be disregarded by the Court.  Assuming Defendant did not have the statement[5] when it answered Interrogatories and Request for Production of Documents, Defendant is under a continuing duty to supplement Response #2 and #4 and Interrogatory #10.   Fed.R.Civ.P. 26(e)(2) states:

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Defendant should have either provided the statement to Plaintiff in its initial response to Request of Production of Documents or supplemented its response upon receipt of the statement.

Defendant's grounds for withholding the statement are not based on any law and in fact, and circumvent the rules of discovery. Defendant's argument that it does not have to produce a document that it obtained on its own through "the fruits of its own investigation from a third party source" and which wasn't produced by American Cruise Lines flies in the face of the clear language of  F.R.Civ.P. 26, 33, 34.  If one followed Defendant's argument than parties would never have to produce any documents like medical records, police reports, United States Coast Guard Reports or anything an attorney or its agent obtains from a third party source or on its own. Defendant's condition that Plaintiff can only obtain the transcript if it pays for half of  the costs that Defendant incurred in obtaining the statement is not based in any law.  According to Defendant, parties can now charge each other for the costs that it incurred by its attorneys and/or investigators to obtain documents from a third party.  This means that for medical records, police reports, accident reports from government agencies, counsel can charge the opposing side the

---

[5] Plaintiff has no idea when Defendant  obtained the statement of Romero.  If Defendant had the statement when he answered interrogatories and document requests on March 18 and 22, 2005, there was a purposeful failure to disclose the requested document.

4

costs in obtaining the information and does not have to produce the documents until receipt of payment.   Defendant's last argument that it does not have to provide the document since it is equally available to Plaintiff's counsel" is without merit.  If a document is responsive to F.R.Civ.P 26(a)(1) or Requests for Production of Documents, the document must be provided[6] unless there is a valid objection.   Defendant's arguments for not producing Romero's statement from the Sheriff's office are obstructive to the discovery process and circumvents the purpose of discovery under the Federal Rules of Civil Procedure.

Based on the fact there is no basis in law for Defendant to withhold the statement of Romero taken by the Sheriff's Department, this Honorable Court should order Defendant to produce the transcript.  Additionally, due to the fact Defendant failed to disclose the statement of Romero in answers to Interrogatories and argued it is under no duty to produce documents that Defendant has obtained on its own from third parties, Plaintiff has no idea what other documents Defendant has in its possession that are responsive to Plaintiff's discovery requests, interrogatories and F.R.Civ.P. 26(a)(1) that Defendant has not revealed, identified and/or produced.   Plaintiff requests that this Court order Defendant to identify and produce all documents it has in its possession that are responsive to disclosure and production under F.R.Civ.P 26(a)(1), Plaintiff's Interrogatories and Request for Production of Documents. Also, if this Court finds that Defendant knowingly failed to identify Romero's statement, this Honorable Court should award sanctions to Plaintiff.

**IV.  PLAINTIFF IS ENTITLED TO ADDRESSES AND PHONE NUMBERS OF EMPLOYEES WHO WORKED WITH MICHAEL ROMERO.**

Defendant should be compelled to produce the crew list of employees that worked on the

---

[6] Plaintiff has provided Defendant in accordance with F.R.Civ.P. 26(a)(1) and Defendant's Request for Production of Documents medical records,  police reports to transcripts Plaintiff obtained of arraignment and sentencing hearing of Romero that were equally available to Defendant and were obtained by Plaintiff from third parties.

AMERICAN EAGLE with Michael Romero in accordance with Plaintiff's Request No. 59.

Plaintiff's Request No. 59 and response by Defendant were as follows:

> Request No. 59.    Crew list for the AMERICAN EAGLE from three years prior up until the alleged incident.
>
> Response No. 59.    Attached as Exhibit 15 is the crew list for the voyage in question. Defendant objects to production of crew list for 3 years up until the alleged incident as not calculated to lead to the discovery of admissible evidence. *Exhibit ---.*

When Plaintiff's counsel wrote Request No. 59 it was unknown when Romero was hired on the vessel. Through depositions and receipt of Romero's employee's file, Plaintiff's counsel learned that Romero was hired in January 2002. As a result, during a discovery conference with Attorney Snyder regarding Request No. 59, Plaintiff limited the time period of Request No. 59 to Romero's Employment on the vessel from January 2002 to time of the rape. *Exhibit E,F,G.* Despite the limitation, Defendant still refuses to produce the information. *Exhibit H[7], K.*

Plaintiff has sued Defendant under the Jones Act for negligence and general maritime law for unseaworthiness as a result of the rape. At issue in this litigation which is relevant to the based on the law regarding negligence and unseaworthiness for assaults and attacks is Romero's conduct the night in question, his past conduct during his employment for Defendant and Defendant's knowledge of the conduct. Plaintiff has learned of numerous incidents of Romero's conduct in which he treated men and women poorly, sexually harassed women, expressed his temper negatively, caused another crew member to transfer from AMERICAN EAGLE to other incidents of intoxication which put the crew and passengers in danger. Romero's past behavior is reflective and is similar to his behavior on August 5, 2002. Plaintiff seeks the name and address of other crew members in order to discover their knowledge regarding Romero's past behavior, conduct and Defendant's knowledge. Defendant has denied any past knowledge of

---

[7] Defendant never responded to Plaintiff's September 30, 2005 letter regarding Request #59.

Romero's behavior. *Exhibit J, #20, 21.* The crew list, which provides names and addresses of the crew since January 2002, is calculated to lead to the discovery of relevant evidence of Romero's past conduct and behavior while working for Defendant and Defendant's knowledge of it. Hence, this Honorable Court should order Defendant's to produce documents responsive to Request No. 59.

### V.     CONCLUSION

Based on the aforementioned Rules of Civil Procedure and the reasons and analysis set forth, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Compel Discovery.

WHEREFORE, the Plaintiff respectfully requests that the Court order the following:

1.     Defendant be ordered to supplement <u>Defendant American Cruise Lines, Inc.'s Responses to Plaintiff's Request for Production of Documents,</u> Response #2, #4 and #59 and produce and disclose documents responsive and supplement <u>Defendant American Cruise Lines, Inc.'s Answer to Plaintiff's Interrogatories,</u> Interrogatory #10.

2.     Defendant is to identify and produce all documents it has in its possession that are responsive to disclosure and production under F.R.Civ.P 26(a)(1) and Plaintiff's Interrogatories and Request for Production of Documents.

3.     Costs and whatever relief this Court deems appropriate.

        Respectfully submitted for the
Plaintiff, Margaret L. Gilmore,
by her attorney,

/s/ Carolyn M. Latti
Carolyn M. Latti, BBO 567394
David F. Anderson, BBO 560994
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
Clatti@lattianderson.com

Dated: October 18, 2005

### CERTIFICATE OF SERVICE

      I hereby certify that on October 18, 2005, I electronically filed Memorandum of Law in Support of Plaintiff's Motion to Compel Discovery with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to the following:

Bertram E. Snyder, Esquire
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110

        Respectfully submitted for the
the Plaintiff,

/s/Carolyn M. Latti
Carolyn M. Latti
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000
clatti@lattianderson.com

## LOCAL RULE 37.1 DISCLOSURE

I Carolyn M. Latti, hereby certifies that pursuant to Local Rule 37.1, since June 2005, the parties have tried to resolve the issue regarding Defendant producing the statement of Romero, supplementing its Request for Production of Documents and Interrogatories and providing the names and addresses of the crew list but have been unable to resolve the issues.

/s/ Carolyn M. Latti

Dated: October 18, 2005