PLAINTIFF'S
EXHIBIT

C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARGARET L. GILMORE )
    Plaintiff )
  )
  )
v. )    Civil Action No.  04-12323-NG
  )
  )
AMERICAN CRUISE LINES, INC. )
    Defendant )
  )

## DEFENDANT AMERICAN CRUISE LINES, INC.'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1

Log Entries and Accident Reports

    All log entries, captain's reports, crew member reports, accident reports, injury reports, or any other communication, written report or statement concerning the alleged incident, and/or the Plaintiffs alleged injuries other than communications and reports made to the Defendant's, insurer, adjuster and/or attorneys.

### RESPONSE NO. 1

Attached as Exhibit 1 is the AMERICAN EAGLE official log for August 5, 2002.  Attached as Exhibit 2 is a memo from AMERICAN EAGLE Captain Andrew Howe dated August 7, 2002.

### REQUEST NO. 2

Statements of the Defendant

    All recorded communications, written reports and statements, which where written by, taken from, or given by the Defendant and/or any agents, servants or employees of the Defendant, concerning the Plaintiffs alleged incident, other than communications made to the Defendant's insurers, adjusters or attorneys.

### RESPONSE NO. 2

Please see response to Requests No. 1 and No. 4.

**REQUEST NO. 3**

Statements of the Plaintiff
    All statements, recorded communications, tape recordings, written statements (whether signed or unsigned) or memoranda of statements made by the Plaintiff to anyone concerning: 1) the alleged incident; 2) the Plaintiffs alleged injuries; and/or 3) the Plaintiffs alleged damages.

**RESPONSE NO. 3**

Attached as Exhibit 3 is a portion of an August 12, 2002 Tim Beebe memorandum and a separate non-privileged 8/12/2002 memo. The remainder of the document is redacted as attorney-client and trial preparation privileged.

**REQUEST NO. 4**

Witness Statements
    All recorded communications, transcriptions of recorded communications written reports, statements, and memoranda of statements, which were written by, provided by or taken from, any witnesses to the alleged incident or by any persons having knowledge of the alleged incident.

**RESPONSE NO. 4**

Attached as Exhibit 4 is the August 5, 2002 statement of Kathleen Swords. Attached as Exhibit 5 is the August 5, 2002 statement of Kevin Kirschoff. Please see Response No. 2 – Captain Howe memorandum.

**REQUEST NO. 5**

Statements & Reports Made to a Government Agency
    All reports and/or documents (including without limitation U.S.C.G. First Report of Marine Accident Injury or Death') provided by any person to any government or government agency regarding the Plaintiffs alleged incident.

**RESPONSE NO. 5**

Defendant is not aware of any nor does it have any documents in response to Request No. 5.

**REQUEST NO. 6**

Government Reports
    All reports and/or documents (including without limitation U.S.C.G. reports) prepared by any government or government agency regarding Plaintiffs alleged incident.

**RESPONSE NO. 6**

Defendant is not aware of any nor does it have any documents in response to Request No. 6.

**REQUEST NO. 7**

Ship's Logs
     All ships logs relating to the Defendant's vessel for one week prior to the alleged incident to one week after.

**RESPONSE NO. 7**

Attached as Exhibit 6 are the official logs for the AMERICAN EAGLE from July 29, 2002 to and including August 5, 2005.

**REQUEST NO. 8**

Title to Vessel
     All certificates of title, and/or abstracts of title concerning or relating to the vessel named in Plaintiffs complaint.

**RESPONSE NO. 8**

Attached as Exhibit 7 is the AMERICAN EAGLE's Certificate of Documentation. Defendant - objects to the request for "all certificates of title and/or abstracts of title concerning or relating to the vessel as being unduly burdensome, vague and not calculated to lead to the discovery of relevant evidence. Defendant does not deny it owned and operated the AMERICAN EAGLE during all relevant periods. Exhibit 7 is proof of its ownership and operation.

**REQUEST NO. 9**

Repair/Alteration Records of Vessel
     All documents (including without limitation, repair orders, work orders, invoices, receipts, bills, and captains' "to do" lists) concerning maintenance (other than routine maintenance procedures performed on the vessel each and every trip), repairs, alterations, modifications and or subsequent remedial measures performed on, or to, the doors, locks on cabin doors on the vessel, during period of time beginning two (2) years prior to the alleged incident and extending one (1) year following the alleged incident.

**RESPONSE NO. 9**

Defendant has looked and is continuing to look for documents in response to Request No. 9 and if any documents are discovered, said documents will be produced.

## REQUEST NO. 10

Vessel Plans and Specifications
All ships drawings, and general arrangement plans, blueprints and specifications
concerning the vessel named in Plaintiffs Complaint.

## RESPONSE NO. 10

Defendant objects to Request No. 10 as being unduly burdensome and not calculated to lead to
the discovery of relevant evidence.  Defendant has numerous drawings, blueprints etc. of the
AMERICAN EAGLE which could not be related to the plaintiff's allegations.  Without waiving
its objection, defendant attaches as Exhibit 8, the general arrangements, outboard profile, inboard
profile for the AMERICAN EAGLE.

## REQUEST NO. 11

Survey Reports
All inspection and survey reports, (including recommendations and photographs)
concerning an inspection of the vessel and/or survey performed on the vessel within the five *(5)*
year period preceding the date of the alleged incident.

## RESPONSE NO. 11

Defendant objects to Request No. 11 as being unduly burdensome and not calculated to lead to
the discovery of relevant evidence except if any inspections and surveys included discussions of
the specific area of the AMERICAN EAGLE involved in the plaintiff's allegations and/or cabin
locks.  Without waiving its objection, if there are any inspection and survey reports that refer to
the specific area of the AMERICAN EAGLE involved in the plaintiff's allegations and/or cabin
locks, said documents will be produced at plaintiff's expense.

## REQUEST NO. 12

Surveyor's Notes
All surveyors notes, checklists, memoranda, drawings, sketches, and/or other
contemporaneous recordings of information by individuals performing an inspection and/or
survey of the vessel during the time period beginning five *(5)* years prior to the date of the
alleged incident and extending through the date of the trial.

## RESPONSE NO. 12

Please see response to Request No. 11

**REQUEST NO. 13**

Pre-Incident Photo's and Video of Vessel
      All photographs and video tapes depicting the Defendant's vessel that where taken during the five years prior to the date of the alleged incident.

**RESPONSE NO. 13**

Please see response to Request No. 11.

**REQUEST NO. 14**

Post-Incident Photo's and Video of Vessel
      All photographs and video tapes of the Defendant's vessel taken after the alleged incident up to the date of trial.

**RESPONSE NO. 14**

Defendant objects to Request No. 14 as seeking attorney-client and/or trial preparation privileged materials. To the extent there are any photos and video tapes post accident, which are not privileged, of the vessel area relevant to the plaintiff's allegations, said photographs and video tapes will be produced at plaintiff's expense.

**REQUEST NO. 15**

Fresh Photographs of Scene of Incident
      Any and all photographs of the location of the Plaintiffs alleged incident that where taken within thirty days of the alleged incident.

**RESPONSE NO. 15**

If there are any photographs in response to Request No. 15, said photographs will be produced.

**REQUEST NO. 16**

Survey Photographs
      All photographic prints or negatives depicting the Defendant's vessel, that where taken during the course of an inspection or survey performed during the time period beginning five (5) years prior to the date of the alleged incident and extending through he date of the trial.

**RESPONSE NO. 16**

Please see response to Request No. 11.

**REQUEST NO. 17**

Photographs of the Plaintiff
        All photographs depicting the Plaintiff.

**RESPONSE NO. 17**

Defendant is aware of no photographs in response to Request No. 17.

**REQUEST NO. 18**

Video of the Plaintiff
        All video tapes depicting of the Plaintiff.

**RESPONSE NO. 18**

Defendant is aware of no video tapes in response to Request No. 18.

**REQUEST NO. 19**

Accounting Records
        All accounting records concerning the distribution of "shares", wages, or vessel proceeds to Plaintiff.

**RESPONSE NO. 19**

Attached as Exhibit 9, three pages, are all defendant's documents in response to Request No. 19.

**REQUEST NO. 20**

Documents Obtained through Authorizations
        All documents obtained by the Defendant (including the Defendants agents, insurers, adjusters and attorneys) through the use of medical record authorizations, I.R.S. authorizations, employment record authorizations, or any other authorization signed by the Plaintiff and/or provided by the Plaintiff

**RESPONSE NO. 20**

Defendant has no documents in response to Request No. 20.

**REQUEST NO. 21**

Medicals relied upon for Maintenance & Cure Determination
        All medical records and or reports which the Defendant reviewed and/or relied as the basis of it's determination of the Plaintiffs eligibility for maintenance and/or cure benefits.

**RESPONSE NO. 21**

Attached as Exhibit 10, is the May 6, 2004 report of Dr. Donald DeBlock received by defendant's counsel on or about August 30, 2004 in response to Request No. 21.

**REQUEST NO. 22**

Maintenance Records
        All cancelled checks and/or accounting records concerning the payment by the Defendant of maintenance benefits to the Plaintiff.

**RESPONSE NO. 22**

Please see response to Request No. 19

**REQUEST NO. 23**

Cure Records
        All cancelled checks and/or accounting records concerning the payment by the Defendant of cure benefits to the Plaintiff or the Plaintiffs medical providers.

**RESPONSE NO. 23**

Please see response to Request No. 19

**REQUEST NO. 24**

X-rays & MRI's
        All X-ray films, MM films and/or other diagnostic medical tests results, in the possession, custody or control of the Defendant, concerning or relating in any way, to the alleged incident and/or to Plaintiffs alleged injuries and damages.

**RESPONSE NO. 24**

The only documents, if any, in defendant's possession in response to Request No. 24 have been provided by plaintiff's counsel.

**REQUEST NO. 25**

Vessel Communication Records
        All bills, records and/or documents of any type, concerning, or relating to, cellular telephone communications, ship to shore communications, and/or any other electronic communications, operated on the vessel, from one week prior to the alleged incident to one week after the alleged incident.

## RESPONSE NO. 25

Defendant objects to Request No. 25 as being unduly burdensome and not calculated to lead to the discovery of relevant evidence. The plaintiff did not join the defendant's vessel until August 4, 2002 and departed on August 5, 2002.

## REQUEST NO. 26

Exhibits & Chalks
        All exhibits and chalks, the Defendant intends to introduce or use at trial.

## RESPONSE NO. 26

This request is beyond the scope of the Federal Rules of Civil Procedure and is objected to.

## REQUEST NO. 27

Documents Relied Upon for Defendants Affirmative Defense(s)
        All documents that Defendant specifically relies upon as a basis of an affirmative defense.

## RESPONSE NO. 27

This request is beyond the scope of the Federal Rules of Civil Procedure and is objected to.

## REQUEST NO. 28

Expert Documents
        All documents identified by the Defendant in response to Plaintiffs interrogatory number 15.

## RESPONSE NO. 28

This request is beyond the scope of the Federal Rules of Civil Procedure and is objected to.

## REQUEST NO. 29

I.M.E. Documents
        All reports, memoranda, notes, measurements, x-rays, MRIs and/or diagnostic tests results, concerning the Plaintiff, which were written, produced, or performed by any health are professional retained by the Defendant to examine the Plaintiff.

## RESPONSE NO. 29

This request is beyond the scope of the Federal Rules of Civil Procedure and is objected to.

**REQUEST NO. 30**

Expert Reports & Notes

     All written reports, memoranda, drawings, measurements, and test results, concerning the alleged incident and/or the Plaintiffs alleged injuries & damages, which were prepared, written or produced by any expert witness the Defendant intends to call as a witness at trial.

**RESPONSE NO. 30**

This request is beyond the scope of the Federal Rules of Civil Procedure and is objected to.

**REQUEST NO. 31**

Expert Resume

     The resume and curriculum vitae of each expert witness that the Defendant intends to call at trial.

**RESPONSE NO. 31**

Defendant will comply with the Federal Rules of Civil Procedure and the Court's pre-trial orders with respect to defendant's experts resumes.

**REQUEST NO. 32**

Documents Reviewed by Expert

     All documents concerning Plaintiffs alleged incident and Plaintiffs alleged injuries and damages which have been reviewed by an expert witness which the Defendant intends to call as a witness at trial.

**RESPONSE NO. 32**

This request is beyond the scope of the Federal Rules of Civil Procedure and is objected to.

**REQUEST NO. 33**

Documents Relied upon by Expert

     All documents that will be relied upon in forming the opinion of an expert the Defendant intends to call as a witness at trial.

**RESPONSE NO. 33**

This request is beyond the scope of the Federal Rules of Civil Procedure and is objected to.

## REQUEST NO. 34

Documents Evincing Facts Relied Upon b Expert

All documents concerning or evincing any fact which will be relied upon by any expert witness the Defendant intends to call at trial, when forming his/her opinion(s).

## RESPONSE NO. 34

This request is beyond the scope of the Federal Rules of Civil Procedure and is objected to.

## REQUEST NO. 35

Agreements of Insurance

All insurance agreements, indemnity agreements, and protection and indemnity agreements (P&I policies), under which any person may be liable to satisfy part or all of a judgment which may be entered in the above captioned Civil Action.

## RESPONSE NO. 35

Attached as Exhibits 11 and 12, are AIG Employment Practices Liability Insurance Policy. Policy No 213-77-47 (Ex. 11) and Insurance Company of North America HU230329 declaration sheets for the period 4/10/03-4/10/04 (Ex. 12) which is the same coverage in effect on August 5, 2002 in response to Request No. 35.

## REQUEST NO. 36

Excess or Re-Insurance Agreements

All policies or agreements concerning re-insurance and/or excess insurance under which any person, may be liable to make payments or indemnify any other person, as a result of claims asserted in the above captioned Civil Action or as the result of a Judgment entered in the hove captioned Civil Action.

## RESPONSE NO. 36

There are no documents in response to Request No. 36.

## REQUEST NO. 37

Indemnity Agreements

All agreements and/or treaties under which any person may be liable to make payments or indemnify any person, as a result of claims asserted in the above captioned Civil Action, and/or a Judgment entered in the above captioned Civil Action.

## RESPONSE NO. 37

Defendant is not aware of any nor does it have documents in response to Request No. 37.

**REQUEST NO. 38**

Vessel Valuation Documents
        If the Defendant claims that it is entitled to limit its liability pursuant to 46 U.S.C. [83, then please produce:

        a. all hull insurance, and/or property damage insurance policies, providing insurance and/or indemnity for property damage to the Defendant Vessel, in effect at the time the plaintiffs alleged incident;

        b. all applications for hull insurance policies and/or property damage insurance policies, concerning the vessel, that where completed by the Defendant during the two years preceding the alleged incident.

        c. all appraisals reports, and/or value surveys, concerning the vessel, prepared within the five years prior to the date of the Plaintiffs alleged incident up to the date of trial.

        d. all applications for loans and/or financing agreements, for which the Defendants vessel was offered as collateral to secure payment of said loan or finance agreement, which where prepared or submitted within the five years prior to the alleged incident up to the date of trial.

        e. Any document the Defendant claims is evidence of the value of the vessel at the conclusion of the voyage.

**RESPONSE NO. 38**

        a.      Please see Exhibit 11 in response to Request No. 35.

        b.      Defendant is looking for said documents and will provide if available.

        c.      Defendant is looking for said documents and will provide if available.

        d.      Defendant is looking for said documents and will provide if available with corporation information other than hull value deleted.

        e.      Defendant knows of no such documents responsive to this request.

**REQUEST NO. 39**

Charter Agreements
        Any and all charter agreements or lease agreements relating the vessel named in Plaintiff's Complaint which was in effect at the time of the Plaintiffs alleged incident.

**RESPONSE NO. 39**

Defendant knows of no documents in response to Request No. 39.

**REQUEST NO. 40**

Personnel and/or employee file of the Plaintiff.

**RESPONSE NO. 40**

Attached as Exhibit 13 is the plaintiff's personnel file, six pages.

**REQUEST NO. 41**

Personnel and/or employee file of Michael Romero.

**RESPONSE NO. 41**

Attached as Exhibit 14 is Michael Romero's personnel file, thirteen pages.

**REQUEST NO. 42**

Any and all documents reviewed and/or relied on to answer Interrogatory #19.

**RESPONSE NO. 42**

This request is beyond the scope of the Federal Rules of Civil Procedure and is objected to.

**REQUEST NO. 43**

Any and all documents regarding any prior attacks-sexual and non sexual, assaults-sexual and non sexual arguments, intimidation, t eats, belligerence, hostility rudeness, advances, sexual advances drunken behavior and violence by Michael Romero against fellow captains, crew, employees, workers and/or people on any vessel owned, operated or controlled by the Defendant.

**RESPONSE NO. 43**

Defendant has no documents in response to Request No. 43.

**REQUEST NO. 44**

Any and all documents regarding the Defendants, knowledge of Michael Romero's past history of attacks-sexual and non sexual, assaults-sexual and non sexual, arguments, intimidation, threats, belligerence, hostility, rudeness, advances, sexual advances, drunken behavior and violence.

**RESPONSE NO. 44**

Defendant has no documents in response to Request No. 44. Prior to August 5, 2002, any documents it now has are privileged as trial preparation material.

**REQUEST NO. 45**

Any and all documents regarding Michael Romero's criminal record.

**RESPONSE NO. 45**

Please see response to Request No. 44.

**REQUEST NO. 46**

Any and all documents regarding Michael Romero's mental health records.

**RESPONSE NO. 46**

Please see response to Request No. 44.

**REQUEST NO. 47**

Any and all documents regarding any communications, statements and/or conversations between the Plaintiff and Michael Romero.

**RESPONSE NO. 47**

Please see response to Request No. 1. Defendant has no other documents in response to Request No. 47 other than records, if any, provided by the plaintiff's counsel, or obtained by its counsel which are considered trial preparation privileged.

**REQUEST NO. 48**

Any and documents regarding any policies, procedures, rules, regulations, regarding the responsibility, use and lending out of the Master key(s) to other crew members on the vessel.

**RESPONSE NO. 48**

Defendant has no documents in response to Request No. 48.

**REQUEST NO. 49**

Any and all documents regarding the type, manufacture and age of lock(s), that were present on the Plaintiffs cabin room door.

**RESPONSE NO. 49**

Defendant has looked and continues to look for documents in response to Request No. 49 and if any documents are discovered, said documents will be produced.

**REQUEST NO. 50**

Passenger list for the entire trip for the alleged incident.

**RESPONSE NO. 50**

Defendant objects to Request No. 50 as not calculated to lead to the discovery of relevant evidence. There is no evidence that any passenger in any way witnessed any of the plaintiff's allegations.

**REQUEST NO. 51**

All manuals and handbooks that were on the AMERICAN EAGLE at the time of the alleged incident to the present.

**RESPONSE NO. 51**

Defendant objects to Request No. 51 as being unduly burdensome and not calculated to lead to the discovery of relevant evidence. Defendant does not have, nor does it know all manuals and handbooks on board at the time of the alleged incident.

**REQUEST NO. 52**

All documents regarding procedures, operations, policies, manuals, safety, training, protocol, drills and/or standing orders on the AMERICAN EAGLE at the time of the alleged incident to the present.

**RESPONSE NO. 52**

Please see answer to Request No. 51.

**REQUEST NO. 53**

Any and all physical evidence regarding the subject matter of the complaint.

**RESPONSE NO. 53**

Defendant has no physical evidence in response to Request No. 53.

**REQUEST NO. 54**

Any and all reports, root cause analysis reports, corrective activity and prevention reports and/or safety memos regarding the alleged incident.

**RESPONSE NO. 54**

Please see response to Request No. 26.

**REQUEST NO. 55**

Any and all documents regarding any benefits the Plaintiff received as a result of her employment with the Defendants.

**RESPONSE NO. 55**

Please see response to Request No. 19.

**REQUEST NO. 56**

Plaintiffs entire wage records.

**RESPONSE NO. 56**

Please see response to Request No. 19.

**REQUEST NO. 57**

Any and all e-mails, letters, correspondence regarding the Plaintiff and the Plaintiffs alleged incident.

**RESPONSE NO. 57**

Request No. 57 is objected to as requesting attorney-client and trial preparation material.

**REQUEST NO. 58**

Any and all records of drug and alcohol tests performed on any crew member as a result of the Plaintiffs alleged incident.

**RESPONSE NO. 58**

Defendant did not conduct any tests, nor does it believe any tests were conducted. It has no records in response to Request No. 58.

**REQUEST NO. 59**

      Crew list for the AMERICAN EAGLE from three years prior up until the alleged incident.

**RESPONSE NO. 59**

Attached as Exhibit 15 is the crew list for the voyage in question. Defendant objects to production of crew list for 3 years up until the alleged incident as not calculated to lead to the discovery of relevant evidence.

**REQUEST NO. 60**

      Any and all documents regarding the Plaintiffs alleged incident.

**RESPONSE NO. 60**

Please see prior responses. Defendant objects to this request as being vague and unduly burdensome. Defendant further objects because any additional documents would include trial-preparation and attorney-client privileged documents.

**REQUEST NO. 61**

      Any and all documents regarding policies, rules, regulations regarding crew drinking and intoxication.

**RESPONSE NO. 61**

Attached as Exhibit 16 is a portion of the 2005 AMERICAN EAGLE Operations Manual Section 1.7, 3.22, Part O. There is no 2002 Operations Manual in existence.

**REQUEST NO. 62**

      Any and all documents regarding hiring practices, policies and procedures from five years prior to the alleged incident to present.

**RESPONSE NO. 62**

Defendant has no documents in response to Request No. 62.

AMERICAN CRUISE LINES, INC.
By its attorneys,

March 18, 2005

_____
Bertram E. Snyder, BBO#471320
Patrick O. McAleer, BBO#642627
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, Massachusetts 02110
(617) 951-2800

Certificate of Service

I hereby certify that on this 18th day of March 2005, I served the foregoing by hand a copy thereof, to Carolyn Latti, Esq., Latti & Anderson LLP, 30-31 Union Wharf, Boston, MA 02109.

_____
Bertram E. Snyder

L:\1372\077\Pld\05

17