PLAINTIFF'S
EXHIBIT
D

# LATTI & ANDERSON LLP

*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109   (617) 523-1000
Portland, ME  (207) 874-6464
Facsimile  (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

OF COUNSEL

MICHAEL B. LATTI

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740  (508) 999-1029
35 Main Street, Gloucester, MA 01930  (978) 281-0605

*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

May 16, 2005

Bertram E. Snyder, Esquire
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110

Re:   Margaret L. Gilmore v. American Cruise Lines, Inc.
Civil Action No: 04-12323-NG

Dear Mr. Snyder:

## Interrogatories

In regards to Defendant's answers to Interrogatories, Plaintiff seeks supplementation to the following:

#10: Please identify if there are any statements that have been obtained by counsel or any other entity other than what has been provided.
#23: Please advise as to whether any documentation was found
#24: Passengers were aware of the something happening to Ms. Gilmore and the next day asked Ms. Gilmore if she was okay. The passengers on the vessel are witnesses to what occurred and the Plaintiff is entitled to their names and addresses.

## Request for Production of Documents

In regards to Defendant's Responses to Request for Production of Documents:
#9: Please advise as to whether any documents have been found.
#11, 12: Plaintiff is entitled to inspection and survey reports. Plaintiff's claim is simply not related to the area of her cabin and the locks. Please provide all the reports.
#13, 14: Please provide any pictures or videos of Plaintiff's room, Romero's room, the wheelhouse and the deck Plaintiff's room was on.
#15: Please produce.
#25: Please provide the records for August 5, 6, and 7, 2002.
#35: Please provide the entire policies for the time period at hand.
#28: Please provide documents requested.

1

# LATTI & ANDERSON LLP

#42: Please advise whether you will waive the objection and answer the question asked.

#49: Please advise as to whether the documentation exists.

#50: See Interrogatory #24 above. Please provide.

#51: Please produce the requested material. Manuals, documents existed on board the AMERICAN EAGLE. The information is clearly relevant and not burdensome. Plaintiff is entitled to the manuals and clearly, copies must exist either in paper or on a computer somewhere. Please provide the documents requested.

#52: Please produce the requested material. Manuals, documents existed on board the AMERICAN EAGLE. The information is clearly relevant and not burdensome.

#54: It is unclear how documents regarding any type of reports and memos regarding the sexual assault by Mr. Romero on Mrs. Gilmore is beyond the scope of Federal Rules of Civil Procedure. Please provide the requested documents.

#57: Plaintiff is entitled to documents that were created up to and until the time counsel was retained. Any documents created prior to retaining of counsel should be produced.

#59: Plaintiff will limit her request from January 2002 to the time of the alleged incident. The information is clearly relevant since Mr. Romero worked on the vessel from the beginning of 2002 and interacted with the entire crew and his conduct is clearly at issue.

#61: Again, copies must exist either in paper or on a computer somewhere. Please provide the documents requested.

Consider this a request under Local Rule 37.1 in attempts to resolve this matter prior to filing a Motion with the Court.

Plaintiff will reimburse Defendant for the costs of production as requested by Defendant in its responses.

Very truly yours,

LATTI & ANDERSON LLP

Carolyn M. Latti

CML:dmt