# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF MASSACHUSETTS

_____

)
**MARGARET L. GILMORE**                )
    **Plaintiff**                            )
)      **Civil Action**
**V.**                                              )
)      **No. 04-12323-NG**
**AMERICAN CRUISE LINES, INC.**        )
    **Defendant**                           )
_____)

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### MOTION TO COMPEL DISCOVERY

The Plaintiff seeks to submit this brief Reply Memorandum in order to specifically rebut certain misleading comments made by the Defendant in its Memorandum.  The instant dispute involves 2 items of discovery sought by the Plaintiff: 1) the transcript of the videotaped statement of Michael Romero taken by the Lincoln County (Maine) Sheriff's Department that is no longer in the Sheriff's possession, but is in the possession of the Defendant, and 2) the names, addresses, and phone numbers of all crew members on the AMERICAN EAGLE who worked with Michael Romero during the 8 months that he served on the vessel, from January, 2002 to August 5, 2002.

First, with respect to the transcript, the Defendant claimed on page 2 of its Memorandum that the Plaintiff "offers no legal support nor does it say the sheriff's office will not provide her a copy of the transcript."  This accusation is flatly wrong.  Attached as Exhibits A and B to the Plaintiff's Motion are letters indicating that neither the Sheriff's Department, nor the District Attorney, have the videotape or the transcript of the videotape.  In any event, the Defendant completely failed to address the simple fact that it did not object to the Plaintiff's discovery on this issue.  Interrogatory #10 and requests for production #2 and 4 dealt with this issue, and the

Defendant did not object.  If discovery is not objected to in a timely manner, the objection is waived.  There are no exceptions.  <u>Willard v. Constellation Fishing Corp.</u>, 136 F.R.D. 28, 31 (D. Mass. 1991); <u>Krewson v. City of Quincy</u>, 120 F.R.D. 6, 7 (D. Mass. 1988).  Accordingly, the Defendant's objections after the fact must be disregarded as untimely.

Second, with respect to the crew lists (request for production #59), the Defendant objected only on the grounds that the request was not reasonably calculated to lead to the discovery of admissible evidence.  However, it is well settled that parties may discover the identity and location of witnesses.  Fed.R.Civ.P. 26(b)(1).

The Defendant claimed on page 3 of its Memorandum that, based on the deposition of the Defendant's president, Charles Robertson, the Plaintiff already has "evidence of a number of alleged misdeeds by Mr. Romero," and attached an excerpt of Mr. Robertson's deposition. However, this deposition excerpt says no such thing, and a review of his deposition indicates that he has said no such thing.  Exhibit A, excerpts of deposition of Charles Robertson, pp. 85-87.

The Defendant mentioned that the Plaintiff had taken the deposition of crew member Paul Taiclet.  Mr. Taiclet's testimony was similar to that of Mr. Robertson, in that he denied knowledge of any misdeeds, sexual or otherwise, of Mr. Romero, other than an incident of his leaving a grilled cheese sandwich cooking on the stove.  Exhibit B, excerpts of deposition of Paul Taiclet, pp. 45-48, 53-56.  Mr. Taiclet's testimony must be treated as suspect if not unbelievable.  Mr. Taiclet testified that he had gone drinking with Mr. Romero and another crew member on the night on the rape, but denied remembering how much he and Mr. Romero drank. Exhibit B, pp. 82-83.  He did not think that he was drunk, and he did not know if Mr. Romero was drunk.  Exhibit B, p. 85.  However, he had told the Boothbay Harbor Police Department the morning after the rape that he and Mr. Romero had had approximately 8 shots and 8 beers and

2

the conclusion of the police on the night of the incident was that Mr. Romero was "obviously intoxicated." Exhibit C, excerpts of report of Boothbay Harbor Police Department. Mr. Taiclet should thus be considered to be toeing the party line.

The Defendant's final point - that it had produced Mr. Romero's personnel folder, as well as the deposition of several of its employees, "and no one has indicated any knowledge of any past history of sexual misdeeds on the part of Mr. Romero" – is all the more reason why the crew list is reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff has informal information as to some alleged misdeeds on the part of Mr. Romero, but the formal discovery to date has not confirmed this. The Plaintiff is not engaging on a fishing expedition here. She seeks only 8 months worth of crew information. The Defendant has acknowledged that this involves 74 people. The Defendant does not claim that it would be excessively burdensome to produce this information. The Plaintiff seeks the identity of the crew members who served with Mr. Romero in the expectation that one or more of those co-workers, most probably a crew member who no longer is employed by the Defendant, will corroborate the Plaintiff's informal information. The Plaintiff's request for the names, addresses, and phone numbers of the crew members who served with Mr. Romero, a convicted felon, is completely reasonable in light of the stonewalling that the Plaintiff has faced in her formal discovery to date, as exemplified by the testimony of Mr. Daiclet.

Respectfully submitted for the

Plaintiff, Margaret L. Gilmore,
by her attorney,

/s/ Carolyn M. Latti
Carolyn M. Latti, BBO 567394
David F. Anderson, BBO 560994
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
Clatti@lattianderson.com

CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2005, I electronically filed this document with the
Clerk of the Court using CM/ECF system which will send notification of such filing(s) to the
following:


Bertram E. Snyder, Esquire
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110

Respectfully submitted for the
the Plaintiff,


/s/Carolyn M. Latti
Carolyn M. Latti
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000